IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ANTHONY MONTILLA CARRILLO,

Petitioner,

vs.

JEROME KRAMER, Sheriff Lincoln County Det Cen, et al.,

Respondents.

8:26-CV-554

MEMORANDUM AND ORDER CONDITIONALLY GRANTING WRIT OF HABEAS CORPUS

The petitioner is a noncitizen currently detained by U.S. Immigration and Customs Enforcement in the Lincoln County Detention Center in North Platte, Nebraska. Filing 1. He seeks a writ of habeas corpus under 28 U.S.C. § 2241, asserting that his detention is unlawful. Filing 1. The Court agrees, and will conditionally grant the petition.

The petitioner is a citizen of Venezuela who entered the United States near Eagle Pass, Texas in May 2022. Filing 10 at 3. He was taken into ICE custody, placed in removal proceedings, and then released on parole. Filing 10 at 3; filing 10-1. His procedurally complicated immigration proceedings are ongoing. *See* filing 10 at 4.

On April 12, 2026, the petitioner was pulled over by the Nebraska State Patrol for speeding. Filing 10 at 4. He was allegedly driving without a license and in possession of marijuana and drug paraphernalia, but instead of arresting and charging him "it was determined to place him into ICE custody." Filing 10 at 4; *see also* filing 10-2. An immigration judge ordered him removed to Venezuela, and his appeal from that order to the Board of Immigration Appeals remains pending. Filing 10 at 5; filing 10-5.

Because the petitioner was on conditional parole pursuant to 8 U.S.C. § 1226(a)(2)(B) when he was detained, and there is nothing in the record

suggesting that any qualifying officer exercised discretion to revoke the petitioner's release, *see* 8 C.F.R. §§ 236.1(c)(9), 1236.1(c)(9), the Court will conditionally grant the petition for the reasons articulated by the undersigned in *Dos Santos Silva v. Warden, Lincoln County Detention Center*, No. 8:26-cv-131, 2026 WL 926725 (D. Neb. Apr. 6, 2026).

IT IS ORDERED:

1. The Petition for Writ of Habeas Corpus (filing 1) is conditionally granted.

2. The government shall provide the petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) and the corresponding regulations **on or before October 1, 2026**.

3. If the government does not provide the petitioner with a bond hearing as required, the petitioner must be immediately released from detention.

4. **On or before October 6, 2026**, the government shall provide the Court with a status update regarding the bond hearing or, if no bond hearing was held, advise the Court regarding the petitioner's release.

Dated this 24th day of September, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge